## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT S. MORGAN, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 14-2275-JAR** |
| **CHARLES L. ZAYLOR and** ) | |
| **CHRISTINE (LNU),** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Robert S. Morgan, Jr., appearing pro se, brings this action against Defendants Charles L. Zaylor, D.O. and Christine (lnu), for alleged malpractice and Medicare fraud.  This matter is before the Court on Plaintiff's Objection to Court Order Denying Assistance of Counsel (Doc. 7) and Motion for Appointment of Counsel (Doc. 8).  For the reasons discussed more fully below, Plaintiff's motions are **denied**.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[1]  "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with

---

[1]*First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

the definite and firm conviction that a mistake has been committed.'"[2]

In both motions, Plaintiff renews his request for appointment of counsel, which was previously denied by Judge O'Hara.[3]  A party in a civil action has no right to appointment of counsel.[4]  The court may, however, appoint counsel pursuant to § 1915(e)(1) for a litigant proceeding *in forma pauperis*.  The appointment of counsel is a matter within the sound discretion of the district court.[5]  In deciding whether to appoint counsel under § 1915(e)(1), the court should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigants' ability to present his claims, and the complexity of the legal issues raised by the claims."[6]  Plaintiff opines that the assistance of an attorney is necessary to request medical records related to his case.  The Court disagrees.  Requesting medical records does not require special legal knowledge.  Moreover, Judge O'Hara found that the factual and legal issues of Plaintiff's claims, which appeared meritless, were not exceptionally complex and that Plaintiff could successfully argue his claims without the assistance of a lawyer given the liberal standards governing *pro se* litigants.  The Court notes that Plaintiff has already successfully filed pleadings and thus shown that he is capable of presenting his case without the aid of counsel, including securing appropriate medical records.  Accordingly, the Court finds that Judge O'Hara's decision to deny Plaintiff appointed counsel was not clearly erroneous or contrary to the law.

---

[2]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464) (internal quotation marks omitted).

[3]Doc. 6.

[4]*Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5]*Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006).

[6]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objection to Court Order Denying Assistance of Counsel (Doc. 7) is **OVERRULED AND DENIED** and Plaintiff's Motion for Appointment of Counsel (Doc. 8) is **DENIED.**

Dated: June 23, 2014

                                    S/ Julie A. Robinson
                                    JULIE A. ROBINSON
                                    UNITED STATES DISTRICT JUDGE