## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROBERT S. MORGAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 14-2275-JAR-JPO** |
| | ) | |
| **CHARLES D. ZAYLOR, D.O., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff Robert S. Morgan, Jr., proceeding *pro se* and *in forma pauperis*, filed this action

against Dr. Charles L. Zaylor and Dr. Christine (LNU), who are each alleged to work for Correct

Care Solutions ("CCS").  Plaintiff states in his Complaint that CCS provides contract services at

Century City Detention Center for the Johnson County, Kansas Sheriff's Department.  Plaintiff

complains of certain psychological diagnoses of him by these Defendants.  In the jurisdictional

basis section of his form Civil Complaint, Plaintiff cites several provisions from the United

States Criminal Code.  Before the Court are Defendants' Motions to Dismiss (Docs. 16, 19)

pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons explained in detail below, Defendants'

motions are granted and this case is dismissed in its entirety.

### I.   Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has

expired.[1]  Under D. Kan. R. 7.4,

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).
The Court notes that Plaintiff submitted a Notice to the Court on August 5, 2014.  This document is not responsive
to the Defendants' motions; it appears to provide information to the Clerk for the service of summons and includes
Plaintiff's medical records, which the Court has sealed from public view to protect his personal information.

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the
> time specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the

consequences of noncompliance.[2]  As a result of Plaintiff's failure to respond, the Court may

grant Defendants' motions to dismiss as uncontested.

## II.      Motions to Dismiss

The Court would also dismiss Plaintiff's Complaint for failure to state a claim upon

which relief can be granted.  To state a claim upon which relief can be granted the complaint

must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[3]

Under the "plausibility" standard that guides this Court, a complaint must contain sufficient

factual allegations to give fair notice to Defendants of the grounds of the claim against them.[4]

"Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy

the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds'

on which the claim rests."[5]  Here, Plaintiff's Complaint lacks any factual allegations that would

support a plausible claim for relief.  The criminal statutes he references do not provide a private

right of action.  Moreover, the Complaint lacks sufficient facts to put Defendants on notice of the

---

[2]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3]Fed. R. Civ. P. 8(a)(2).

[4]*Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[5]*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

grounds of the claims against them.

Plaintiff alleges in the Complaint that Defendants violated several provisions in Title 18 of the United States Code—a criminal code.  Ordinarily, criminal statutes cannot be enforced by a private individual.[6]  Congress, however, can give an individual a private right of action either expressly or by implication.[7]  None of the statutes cited by Plaintiff expressly provide for a private right of action, and the Court finds no authority that Congress intended to do so by implication.  Accordingly, Plaintiff cannot assert claims based on these criminal statutes because he has no private right to enforce them.  The other statutes cited by Plaintiff either do not exist or have no relevance to the conduct complained of by Plaintiff.  Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

Even assuming one of these statutes provides a private right of action, Plaintiff has failed to plead enough facts to give Defendants fair notice of the claims he asserts.  Because Plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[8]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[9]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10]  Even under this liberal standard, however,

---

[6] *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (upholding a motion to dismiss because criminal statutes are not enforceable through a civil action).

[7] *Kaw Nation v. Springer*, 341 F.3d 1186, 1189 (10th Cir. 2003) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)).

[8] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[9] *Id.*

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

Plaintiff's complaint fails to put Defendants on notice of the grounds on which his claims rest. Liberally construing the factual allegations in the Complaint, Dr. Zaylor had some interaction with Dr. Christine (LNU), a psychologist, who attempted to have Plaintiff sign an informed consent. Dr. Zaylor then attempted a cover up.

Although a plaintiff need not plead the facts or legal theories of his claims with particularity, he must provide sufficient detail so that the defendant can frame an answer.[11] Additionally, the Court requires sufficient detail to fulfill its responsibility to dismiss frivolous claims brought by *in forma pauperis* plaintiffs. Here, Plaintiff provides no clear description of the alleged facts supporting his claims and purports to bring claims under criminal statutes. The Court believes that there is no logical construction of plaintiff's Complaint from which to divine a cognizable claim against the named Defendants. The Court also finds that "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motions to Dismiss (Doc. 16; Doc. 19) pursuant to Fed. R. Civ. P. 12(b)(6) are **granted**. This case is dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

Dated: October 6, 2014

S/ Julie A. Robinson

---

[11] Fed. R. Civ. P. 8(a).

[12] *See Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

4

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE